JAMES A. JAYCOX AND GEORGE G. JAYCOX v. GEORGE W. BALCH AND THERESA BALCH.

*Attachment—Dissolution— Preservation of lien—Certiorari—Evidence.*

An alleged copy of a writ of *certiorari* issued to review proceedings resulting in the dissolution of an attachment, which is not attested by any public officer, is not of itself competent proof of the reinstatement of the attachment lien by the removal of the dissolution proceedings to the Supreme Court.

Error to Alcona. (Simpson, J.) Argued November 1,. 1893. Decided December 22, 1893.

Ejectment. Defendants bring error. Reversed. The facts are stated in the opinion.

*W. E. Depew,* for appellants.

*O. H. Smith,* for plaintiffs.

MONTGOMERY, J. This is an action of ejectment. The plaintiffs derived their title through a levy upon and sale of the lands in question in a suit instituted against the defendant George W. Balch, in whom the title appears to have been. The defense was that at the date of the levy and sale the property in question was a homestead, and the plaintiffs sought to meet this defense by showing, as they attempted to do, that the defendants' occupancy was merely colorable; and, further, that, prior to any occupancy by the defendants, a lien had been obtained by attachment, which continued in force, and that, therefore, no homestead right could attach as against the attachment lien.

We are satisfied that the question of whether the occupancy of defendants was merely colorable, and a device to defeat the intended levy, and without any actual purpose of making the premises a home, was, under the testimony, properly submitted to the jury. But the circuit judge also submitted to the jury the question of whether a lien was created by attachment of the lands prior to the date when defendants claim to have entered upon possession of them as a homestead. Indeed, his charge assumed that such lien by attachment did exist. The errors assigned relate to the rulings upon this subject.

The writ of attachment was sued out on the 1st day of November, 1887. It appeared, however, that this attachment was dissolved by an order of the circuit judge on the

98 MICH.—11.

24th of January following. The defendants' testimony tended to show that their occupancy of the premises as a homestead began February 14, 1888. The levy under the execution was not made until the 24th of February, 1888. The plaintiffs sought to show that the proceedings in which the order dissolving the attachment was made were removed to the Supreme Court by *certiorari*. No transcript of the proceedings in the Supreme Court was offered, but an alleged copy of a *certiorari*, not attested by any public officer, was admitted, the court saying at the time, "I shall admit that as being a paper served on you" (meaning defendants' attorney). This might have been proper if competent proof of the issue of this writ of *certiorari* and of the pendency of the suit in the Supreme Court had been given, but not only was there a failure to make this proof, but the circuit judge in his charge to the jury treated this proof as sufficient to show that the attachment lien still continued. He said:

"They did levy an attachment, and you have it in evidence when they levied it. They did get a judgment, and under that judgment levied an execution, and under that execution there was a sale made, and the court thereby, under a proper proceeding, sold the lands to the plaintiffs, through the sheriff; and, if this land was not a homestead, they are entitled to a verdict to-day,—that is, if that land, previous to any lien, was not a homestead at the time and previous to that, then the plaintiffs Jaycox are entitled to a verdict."

This was error. The attachment was dissolved, and there was no competent proof to show that it was ever reinstated.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.